LAURA E. DUFFY
United States Attorney
CAROLINE J. CLARK
Assistant U.S. Attorney
California State Bar No. 220000
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7183
Facsimile: (619) 546-7751

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>GRACE MIRANDA,<br><br>Respondent. | Case No. **'13CV1442 BTM WMC**<br><br>PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS<br><br>Date:  August 30, 2013<br>Time:  2:00 p.m.<br>Courtroom: 15B<br>Hon. Barry Ted Moskowitz |

Petitioner, the United States of America, by its counsel, Laura E. Duffy, United States Attorney, and Caroline J. Clark, Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service (hereinafter "IRS") summons described below and, in support thereof, alleges as follows:

1. This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

2. Jurisdiction over these proceedings is conferred upon this Court by 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. § 1345.

///

///

3.    Venue is proper in the Southern District of California because Respondent, Grace Miranda, is found within this district.

4.    At all times relevant, J. Greene, who issued the summons to Respondent, was a Revenue Officer with the IRS, employed in the Small Business/Self-Employed Division in San Diego, California, and was authorized to issue the IRS summons pursuant to the authority contained in 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1.  See Declaration of Revenue Officer J. Greene at ¶ 1 (hereinafter "Greene Decl.").

5.    Respondent, Grace Miranda, resides at 1402 N. Sixth Street, El Centro, California, which is within the geographical jurisdiction of this Court.

6.    On December 21, 2012, Revenue Officer Greene issued an IRS summons directing Respondent to appear before him on January 22, 2013, at 10:00 a.m. at 880 Front Street, Room 3295, in San Diego, California, to produce for examination the documents and records specified in the summons. Greene Decl. at ¶¶ 2, 3, 5.  The summons related to a determination of Respondent's ability to pay, and find levy sources for, her outstanding civil penalty tax liabilities for various tax quarters in 2007, 2009 and 2010. Id. at 2. On December 21, 2012, Revenue Officer Greene served the summons on Respondent by leaving an attested copy attached to the door at Respondent's last and usual place of abode.  Id. at ¶ 4.  A copy of the summons and certificate of service are attached to the Greene Decl. as Exhibits A and B.

7.    On January 22, 2013, Respondent did not appear before Revenue Officer Greene in response to the summons and did not provide any of the testimony, books, papers, records, and other data sought by the summons.  Id. at ¶ 5.

8. On February 19, 2013, attorney Mistala M. Cullen of the IRS Office of Division Counsel sent a letter to Respondent providing her with another

2

1  opportunity to comply with the summons and directing her to appear before Revenue Officer Greene on March 21, 2013, at 10:00 a.m. at 880 Front Street, Room 3295, in San Diego, California. Id. at ¶ 6. A true and correct copy of the letter is attached to the Greene Decl. as Exhibit C.

9. On April 16, 2013, the undersigned sent a letter to Respondent advising her that if she wanted to avoid the initiation of enforcement proceedings in federal court she needed to comply with the summons and appear before Revenue Officer Greene on May 14, 2013 at 10:00 a.m. at 880 Front Street, Room 3295, in San Diego, California. Id. at ¶ 7. A true and correct copy of the letter is attached to the Greene Decl. as Exhibit D.

10. On April 23, 2013, Respondent called Revenue Officer Greene, seeking an extension for complying with the summons. Revenue Officer Greene agreed and allowed her to provide the IRS with the summonsed information by May 23, 2013. Id. at ¶ 8.

11. To date, Respondent has not provided the IRS with the documents or information requested in the summons. Id. at 9.

12. All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken. Id. at ¶ 11.

13. In order to obtain judicial enforcement of an IRS summons, the United States bears the initial burden of showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . " United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6 F.3d 1407 (9th Cir. 1993). The burden on the government is a "slight one" and may be satisfied by presenting the declaration by the investigating agent. Dynavac, 6 F.3d at 1414 (citations omitted). Once a prima facie case has been made, "a heavy burden falls on

the taxpayer" to show an abuse of process or lack of institutional good faith. Id. The taxpayer "must allege specific facts and evidence to support his allegations." Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted). The matter may be decided on the written record in a summary proceeding. See Hotz v. United States, No. MISC-CV-F-95-32, 1996 WL 159695 at *2 (E.D. Cal. Jan. 9, 1996). To be entitled to an evidentiary hearing, a respondent must make some showing to support a contention of improper purpose or lack of good faith. Fortney v. United States, 59 F.3d 117, 121 (9th Cir. 1995).

14. The Internal Revenue Code specifically allows the issuance of a summons for the purpose of "determining the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Therefore, Revenue Officer Greene's investigation is being conducted pursuant to a legitimate purpose specifically authorized by statute.

15. The testimony, books, papers, records, or other data sought by the summons are not already in the possession of the IRS. Greene Decl. at ¶ 10.

16. Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

17. The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1). It is well settled that to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the summoned information may "throw light upon" the subject of the investigation. United States v. Arthur Young & Co., 465 U.S. 805, 813-14, n. 11 (1984). This standard necessarily presents a low threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the summoned records will be in determining the collectability of a person's tax liability and whether a person has an income tax liability for a specific period.

The Supreme Court has observed that:

> [a]s the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized.

<u>Arthur Young & Co.</u>, 465 U.S. at 814 (internal citation omitted) (emphasis in original). This low threshold of relevance also follows from the language of the Code, which authorizes the investigation of persons who "may be liable" for taxes. 26 U.S.C. § 7601.

18. Under the instant circumstances, it is clear that the summoned material is relevant. The purpose of Revenue Officer Greene's investigation is to determine Respondent's ability to pay, and find levy sources for, her outstanding tax liabilities for tax quarters in 2007, 2009 and 2010. Greene Decl. at ¶ 2. The summons seeks information regarding the Respondent's assets and liabilities, including, among other things, ". . . all bank statements, checkbooks, canceled checks, savings account passbooks, records, or certificates of deposit . . ." <u>Id.</u> at Exhibit A. The documents sought by this summons are clearly relevant to the determination of Respondent's ability to pay, and find levy sources for, her outstanding civil tax liabilities. <u>Id.</u> at ¶ 12.

19. There is no Department of Justice referral in effect with respect to Respondent. <u>Id.</u> at ¶ 13.

WHEREFORE, the United States requests that:

1. The Court enter an order directing the Respondent, Grace Miranda, to show cause, if any, why she should not comply with and obey the above-described summons (Greene Decl. at Exhibit A) served on her on December 21, 2012, and each and every requirement thereof, by ordering the attendance, testimony, and production of the books, papers, records, and other data

required and called for by the terms of the summons before Revenue Officer Greene, or any other proper officer or employee of the IRS at such time and place as may be fixed by Revenue Officer Greene or any other proper officer or employee of the IRS.

    2.  That the United States recover the costs and expenses incurred in maintaining this action against Respondent.

    3.  That the Court grant such other and further relief as may be required.

DATED: June 20, 2013

Respectfully submitted,

LAURA E. DUFFY
United States Attorney

*s/ Caroline J. Clark*

CAROLINE J. CLARK
Assistant United States Attorney
Attorneys for Petitioner
E-Mail: caroline.clark@usdoj.gov